<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NICHOLAS PIMENTEL,<br><br>    Plaintiff,<br><br>    v.<br><br>PORT AUTHORITY OF NY & NJ,<br>SEDGWICK CLAIMS MANAGEMENT<br>SERVICES, and DOES 1-20,<br><br>    Defendants. | No. 23cv10749 (EP) (JRA)<br><br>**OPINION** |

    Pro se Plaintiff Nicholas Pimentel seeks to bring this action *in forma pauperis* ("IFP") against Defendants Port Authority of NY & NJ ("Port Authority"), Sedgwick Claims Management Services ("Sedgwick"), and Does 1-20 (collectively, "Defendants"). D.E. 1-1. Though the exact allegations are not readily ascertainable, the Court discerns that Plaintiff asserts, against Defendants, (1) violations of his First through Fourteenth Amendment rights, pursuant to 42 U.S.C. § 1983; (2) violations of the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112-12117; (3) civil conspiracy to commit fraud and to violate his First through Fourteenth Amendment rights; and (4) numerous common law claims, including intentional infliction of emotional distress, defamation, negligence, negligent failure to train, and false imprisonment. D.E. 1 ("Compl." or "Complaint"). These claims arise from Defendants allegedly blackmailing Plaintiff to accept a settlement offer, and when Plaintiff refused, he was wrongfully arrested, imprisoned, and then kidnapped. *See* Compl. at 8.

    For the reasons discussed below, the Court will **GRANT** Plaintiff's IFP application (D.E. 1-1) and **DISMISS without prejudice** his Complaint (D.E. 1) pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.      **ANALYSIS**

Pursuant to 28 U.S.C. § 1915, the Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Because Plaintiff sufficiently establishes his inability to pay, the Court will grant his IFP application. *See* D.E. 1-1.

However, courts must review an IFP plaintiff's complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. [1] 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff proceeds pro se, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Plaintiff alleges that Defendants violated his constitutional rights and brings a claim pursuant to 42 U.S.C. § 1983. *See* Compl. at 8. To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, 2015 U.S. Dist. LEXIS 48570, at *2 (D.N.J. Apr. 14, 2015). But "[t]here is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). In other words, Section 1983 "protects against constitutional violations by the State,

---

[1] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendants after service. *See Richardson v. Cascade Skating Rink*, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) (internal quotation marks omitted) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.").

but 'not against wrongs done by individuals.'" *Surina v. S. River Bd. of Educ.*, 2018 U.S. Dist. LEXIS 42346, at *3 (D.N.J. Mar. 15, 2018) (quoting *United States v. Price*, 383 U.S. 787, 799 (1966)).  In very limited circumstances, however, a private citizen or entity may be liable under Section 1983 if a plaintiff establishes "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005)) (emphasis omitted).

Here, Plaintiff's allegations are threadbare.  First, Sedgwick is not a government actor, and there is no indication of any "close nexus" between any state action and Sedgwick. Accordingly, Plaintiff fails to state a Section 1983 claim against Sedgwick.

Moreover, as to all Defendants and Plaintiffs' constitutional claims, it is unclear what constitutional violations Plaintiff claims and which Defendants committed the specific violations.  *See, e.g.*, *Ingris v. Borough of Caldwell*, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015) (dismissing claims for impermissible group pleading).  Further, the Complaint lacks any facts to establish most of these claims.[2]  Accordingly, all of Plaintiff's constitutional claims will be dismissed.

Plaintiff's common law claims similarly fail, as the Complaint lacks any related allegations, and the Court cannot discern which Defendant Plaintiff brings these claims against. For example, Plaintiff brings a defamation claim, but the Complaint does not identify any

---

[2] For example, Plaintiff alleges Defendants violated the Third Amendment (quartering of soldiers) and Sixth Amendment (criminal defendant's right to speedy trial, counsel, an impartial jury, and to know the nature of charges and evidence against them), but the Complaint alleges no facts in support, such as that Plaintiff was deprived of counsel or that any criminal trial occurred. *See* Compl. at 8.  Additionally, Plaintiff alleges violations of amendments that do not grant him individual rights, such as the Eleventh Amendment (suits against states) and the Twelfth Amendment (election of president and vice president).  *See id.*

allegedly false statement made to a third party. *See Mangan v. Corporate Synergies Group, Inc.*, 834 F. Supp. 2d 199, 204 (D.N.J. 2011) (defamation elements). Accordingly, Plaintiff's common law claims will be dismissed.

Lastly, Plaintiff's ADA claim fails because the Equal Employment Opportunity Commission ("EEOC") has not issued a notice of right to sue letter, which is a prerequisite for an ADA claim. *See* Compl. at 7; *Zizza v. Insource, Inc.*, 2020 U.S. Dist. LEXIS 270701, at *2 (E.D. Pa. Feb. 28, 2020) ("A plaintiff must . . . receive a right-to-sue letter from the EEOC before filing a lawsuit."). Accordingly, Plaintiff's ADA claim will be dismissed.

However, because Plaintiff has not previously been granted an opportunity to amend, all dismissals will be without prejudice. *See* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

The Court notes that Plaintiff has had multiple complaints dismissed for failure to comply with court orders, "including that he is not to use insulting and abusive language, serve subpoenas for depositions until [the magistrate judge] set a deposition schedule, or communicate directly with [defendant's] employees to discuss th[e] case." *Pimentel v. Delta Airlines, Inc.*, No. 17cv5317 (E.D.N.Y Sept. 16, 2019).[3] After Plaintiff disregarded warnings to not engage in such behavior, the court noted that "[t]he plaintiff's *pro se* status does not insulate him from sanctions, nor does it 'relieve him of his obligation to respect the dignity of the proceeding and to comply with the orders of the district court.'" *Id.* D.E. 194 ("Donnelly Order") at 6 (quoting *Koehl v. Greene*, 424 F. App'x 61, 62 (2d Cir. 2011)). The court went on that it "will not permit . . . invective-laden personal attacks against the Court and counsel, nor [for] the plaintiff . . . to

---

[3] September 16, 2019, Text Order Dismissing Case.

flout" court orders.  Donnelly Order at 8; *see also Pimentel v. Schwenker*, No. 19cv1881, D.E. 17 (E.D.N.Y. Aug. 1, 2019) (dismissing complaint for same reasons).[4]

## II.   CONCLUSION

For the reasons stated herein, the Court will **GRANT** Plaintiff's IFP application, D.E. 1-1, and **DISMISS without prejudice** Plaintiff's Complaint, D.E. 1.   An appropriate Order accompanies this Opinion.  Plaintiff will have 30 days from the entry of the accompanying Order to file an amended complaint.

Dated: April 3, 2024

*Evelyn Padin*

Evelyn Padin, U.S.D.J.

---

[4] Plaintiff has also filed identical allegations to this case in two separate actions in the Eastern District of New York, both of which are related to *Pimentel*, No. 17cv5317 and *Pimentel*, No. 19cv1881.  *See Pimentel v. Port Authority of NY & NJ*, No. 23cv6560, D.E. 1 (E.D.N.Y. Aug. 29, 2023); *Pimentel v. Port Authority of NY & NJ*, No. 23cv6603, D.E. 1 (E.D.N.Y. Aug. 28, 2023).  Courts may find abuse in the IFP privilege, and therefore bar a plaintiff from future filings, when a plaintiff has three complaints dismissed as frivolous.  *See, e.g.*, *Arruano v. Davis*, 679 F. App'x 213, 223 (3d Cir. 2017) (recognizing the adoption of a three-strike policy like that in prisoner cases); *In re McDonald*, 489 U.S. 180, 184 (1989) (denying IFP status to a non-prisoner based on the need to deter litigants from filing frivolous petitions).