NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICHOLAS PIMENTEL,<br><br>　　Plaintiff,<br><br>　　v.<br><br>PORT AUTHORITY OF N.Y. & N.J., *et al.*,<br><br>　　Defendants. | No. 23cv10749 (EP) (JRA)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

After this Court granted Plaintiff *in forma pauperis* ("IFP") status, it came to this Court's attention that Plaintiff has filed lawsuits under two names and has had at least three cases dismissed on the merits. D.E. 13 ("Three Strikes OSC"). On June 12, 2024, the Court ordered Plaintiff to show cause as to why the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), should not apply here and why it should not vacate the order granting Plaintiff's IFP request. *Id.*

Plaintiff responded to the Three Strikes OSC on June 28, 2024. D.E. 16 ("Three Strikes Response"). Due to Plaintiff's repeated vulgar, abusive, and offensive language—and despite this Court's many warnings to stop—the Court issued another Order to Show Cause why sanctions should not issue in the amount of $500 for failure to comply with Court Orders to refrain from using such language. D.E. 18 ("Sanctions OSC"). In that Sanctions OSC, the Court indicated it was "considering the substantive arguments in the [Three Strikes] Response." *Id.* Nonetheless, seemingly believing the Court revoked IFP status, Plaintiff appealed the Three Strikes OSC to the Third Circuit. D.E. 20. The Third Circuit dismissed the appeal. D.E. 22.

The Court now addresses Plaintiff's response to the Sanctions OSC. D.E. 19 ("Sanctions Response").

Plaintiff's arguments are winding. Plaintiff first contends that sanctions cannot issue because this Court lacks jurisdiction after it revoked IFP status. *Id.* at 2. The Court never revoked Plaintiff's IFP status; it ordered Plaintiff to show cause why it should not. *See* Three Strikes OSC. The Court therefore need not address any arguments pertaining to its purported lack of jurisdiction over this case.

Plaintiff also argues that this Court cannot issue Rule 11 sanctions for language used in previous cases. Sanctions Response at 4. The Court did not contemplate doing so. It cited to Plaintiff's failure to comply with Court Orders ordering Plaintiff to stop using abusive language in *this* matter. Sanctions OSC at 2. Below is a sampling. Plaintiff's Sanctions Response reinforces the need to consider sanctions.

- Motion for Extension of Time to File Response to Order to Show Cause, D.E. 14: "Evelyn is just Bob Menendez with breasts and vagina," *id.* at 2; "corrupt political crony," *id.*; power hungry, fame hungry, money hungry," *id.*

- Three Strikes Response: "SDNY Chief Judge, the low-iq affirmative action beast laura," *id.* at 4; "abominable creature," *id.*; "the abomination is too stupid and incompetent," *id.*; "below the bell curve dmv criminal sociopath," *id.*; "deplorable dolly," *id.* at 22; "degenerate Donnelly," *id.*; "beyond corrupt," *id.* at 26; "lazy, incompetent, useless, low iq affirmative action biological women judges," *id.* at 28; "delusional," *id.* at 34; "abominable animals," *id.*

- Sanctions Response: "tacky, crass, disrespectful, classless, ghetto, ignorant, trashy, loud, raunchy, crude with no self awareness, overly aggressive, corrupt, greedy, political, incompetent, unfit, unqualified, biased, misandrist, man-hating deranged femi-nazi lesbian with room temperature iq, who is as sophisticated as Cardi-B and who's intellectual and logical reasoning is even more limited than AOC???," Sanctions Response at 4; "Some say you can easily spot a Biden judge because they are as mentally incompetent, mentally incoherent and mentally incapacitated as Biden himself is and Biden judges all have the same values and morality of Joe's, son Hunter Biden," *id.*; "delusional, corrupt, biased," *id.*; "abominable, lazy, mentally ill, incompetent, post menopausal axe-wounds," *id.* at 14; "plaintiff is unapologetic about these abominable axe wounds' corruption, incompetence, and abysmal uselessness," *id.* at 15; "it's not plaintiff job to be listening to Evelyn's 'disturbed' mind and psychological disorders," *id.*

Plaintiff likewise argues that she did not have to respond to the Orders to Show Cause because this case had a "final judgment." Sanctions Response at 4. That is also untrue. Again, Plaintiff was ordered to show cause. No final judgment has been issued. The Court did not revoke IFP status and contrary to Plaintiff's assertion, did not "impose Rule 11 sanctions." *Id.* at 6.

Plaintiff contests the Court's ability to issue Rule 11 sanctions at all, arguing a medley of positions, including but not limited to the Court's lack of Article III standing and Plaintiff's First Amendment rights. *Id.* at 7, 18. Rule 11 provides in part:

> (b) Representations to Court. By presenting to the court *(whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper*, an attorney or *unrepresented party* is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances—
>
> (1) it is not being presented for *any improper purpose*, such as to *harass* or to cause unnecessary delay or needless increase in the cost of litigation;

*Id.* (emphasis added). Based on the foregoing sampling, it is clear that Plaintiff repeatedly files documents "in which any pretense at civility is abandoned . . . and the court [is] subjected to offensive and insulting language completely superfluous to any potential merits of the action." *Hill v. Gates*, 940 F. Supp. 108, 111 (M.D. Pa. 1996).

Nonetheless, Plaintiff "voluntarily dismiss[es] this case without prejudice and refil[es][.]" Sanctions Response at 2. Plaintiff repeatedly refers to this case as "voluntarily dismissed now" but seems to think the case is already over since this Court "struck summons." *Id.* at 5. The Court never did. Plaintiff still has IFP status. However, as Plaintiff appears adamant that she "voluntarily dismissed this case without prejudice, right now," *id.*, the Court will oblige. Plaintiff may dismiss pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). The Court therefore need not address Plaintiff's other arguments, such as the undersigned's purported need to recuse. Accordingly,

3

**IT IS** on this 15th day of August 2024,

**ORDERED** that this case is dismissed *without prejudice* pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i); and it is finally

**ORDERED** that the Clerk of Court shall mail a copy of this Order to Plaintiff and mark this case **CLOSED**.

Evelyn Padin, U.S.D.J